**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebbie Colston, et al., | No. CV-25-01052-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Allstate Vehicle Property and Insurance Company, et al., | |
| Defendants. | |

On March 31, 2025, Defendant removed this action from Maricopa County Superior Court, purportedly on the basis of diversity jurisdiction. (Doc. 1.) However, in an April 21, 2025 order, the Court noted that the jurisdictional allegations in the removal notice were insufficient to establish complete diversity for various reasons, including that the removal notice only alleged the state of residence (rather than the state of domicile) for each Plaintiff. (Doc. 6.) This order specifically cited the on-point Ninth Circuit authority explaining that a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." (*Id.* at 3, citation omitted.) Rather than remand the action at that time, the Court gave Defendant the opportunity to file an amended removal notice. (*Id.*)

On May 1, 2025, Defendant filed an amended removal notice, but Defendant failed to heed the guidance provided in the April 21, 2025 order and once again alleged only that "Plaintiffs are residents of Arizona." (Doc. 7 at 3.) Rather than remand the action at that time, the Court issued an order that gave "Defendant one final opportunity to correct the

deficiency. . . . Defendant must file a second amended removal notice that properly states a jurisdictional basis for this action. Failure to do so will result in remand of this action to Maricopa County Superior Court." (Doc. 12.)

Defendant has now filed a second amended removal notice, which includes the following allegation regarding Plaintiffs: "Plaintiffs are residents of Arizona, domiciled at [a particular address in] Mesa, Arizona 85213." (Doc. 13 at 3.) Although this verbiage differs from the verbiage of the previous two removal notices in that it uses the word "domiciled," the allegation that Plaintiffs are "domiciled" at a specific residential address appears to use the term "domiciled" as a synonym for "residing," thus repeating the same deficiency found in the original notice of removal and first amended notice of removal. For diversity purposes, a person is domiciled in a state, not at a particular residential address. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.") (cleaned up); *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 879 (9th Cir. 2018) ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California.").

It is clear from relevant case law that, for diversity jurisdiction purposes, a person's "permanent home" is the state where he or she intends to remain, *Kanter*, 265 F.3d at 857-

58, not a physical residential address, which may be freely abandoned in favor of another residence within the same state without disturbing state citizenship. Defendant still alleges that "Plaintiffs are residents of Arizona," pairing this inadequate allegation with an apparent misuse of a term of art by indicating that Plaintiffs are "domiciled" at the address where they reside. Courts have concluded that this approach is ineffective to establish the existence of diversity jurisdiction. *Ameris Bank v. 703 Bakery Corp.*, 2024 WL 3298754, *1 (C.D. Cal. 2024) ("[T]he 1st AC does not allege sufficient facts to support the Court's exercise of diversity jurisdiction over this action. Specifically, the 1st AC, like the original Complaint, alleges that Oleg Azizov 'is and at all times relevant to this action was a resident of the State of New York, County of Kings . . . .' Because an individual is not necessarily domiciled where he or she resides, Plaintiff's allegation concerning the residence of Oleg Azizov is insufficient to plausibly allege his citizenship. The 1st AC additionally alleges that Oleg Azizov 'is a resident of the State of New York, and based on information and belief, including the Driver's License submitted by Azizov to Balboa, Azizov is domiciled [at an address in] Brooklyn, New York . . . .' This allegation repeats, insufficiently, that Oleg Azizov 'is a resident' of New York before conclusorily alleging that he is domiciled there, without indicating that Plaintiff understands the distinction between a residence and a domicile.").

The pleading standard for alleging the citizenship of an individual is not onerous. Indeed, it is enough to allege that an individual is "a citizen of" a certain state. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (quoting Fed. R. Civ. P. Form 7(a)); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("An allegation that an individual is a citizen of a certain state is an allegation of fact."). Citizenship may even be pleaded on information and belief "where the facts supporting jurisdiction are not reasonably ascertainable by the plaintiff." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Nevertheless, "alleging diversity jurisdiction based on residency rather than citizenship" is a defect that must be corrected. *Id.* at 1086.[1]

---

[1] Under the "less stringent standards" applicable to *pro se* pleadings, "allowance" can sometimes be made for technically deficient allegations where diversity can otherwise be

- 3 -

Leave to amend should be freely given to cure such defects. *Id.* However, in a situation like this one, where leave to amend has already been granted twice and even after three attempts to properly plead jurisdictional allegations, Defendant has failed to do so, remand is warranted.

Accordingly,

**IT IS ORDERED** that this action is **remanded** to Maricopa County Superior Court.

Dated this 1st day of August, 2025.

Dominic W. Lanza
United States District Judge

---

inferred from the contents of the pleading. *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986). But here, Defendant is represented by counsel, so no such allowance is due.